**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2016


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERRIWEATHER ROSE FRANKLIN, | No. 13-16965 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-03503-PJH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted November 20, 2015
San Francisco, California

Before: MELLOY,[**] IKUTA, and HURWITZ, Circuit Judges.

Merriweather Rose Franklin appeals the district court's order upholding the

denial of her application for supplemental security income under Title XVI of the

Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

de novo the district court's order affirming a denial of social security benefits."

*Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014).

Franklin argues that the administrative law judge ("ALJ") did not give sufficient reasons for rejecting her testimony regarding her symptoms and limitations. An ALJ rejecting a claimant's testimony about the severity of her symptoms must provide "specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

Our de novo review of the ALJ's decision leads us to conclude that the ALJ did not provide adequate reasons for rejecting Franklin's testimony. Instead, the ALJ provided a general summary of Franklin's testimony and purported capabilities then concluded that Franklin's testimony was not credible to the extent that it was not supported by the ALJ's RFC finding. The ALJ's failure to link the credibility determination to specific portions of Franklin's testimony and other evidence in the record impermissibly demands that we "speculate as to the grounds for the ALJ's

conclusions." *Id.* at 495 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)). Thus, we conclude that the ALJ erred in making an adverse credibility determination.

Franklin further argues that because the ALJ erred, we must credit her testimony as true and remand to the district court for immediate payment of benefits. "[A]n ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Treichler*, 775 F.3d at 1106. Further, remand for immediate payment of benefits is "appropriate . . . only in 'rare circumstances.'" *Brown-Hunter*, 806 F.3d at 495. In this case, further administrative proceedings will be useful to resolve questions regarding the extent to which Franklin's symptoms render her disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1020–21 (9th Cir. 2014). Because the record does not permit us to determine whether Franklin is entitled to benefits, we must remand this case for additional proceedings.

VACATED and REMANDED.

Each party shall bear their own costs.